**SANJAY S. SCHMIDT (State Bar No. 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1686 Second St., Suite 219
Livermore, California 94550
Telephone: (925) 215-7733
Facsimile: (925) 455-2486
e-mail: sanjay.schmidt@gmail.com

Attorney for Plaintiff Jack Smith

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| JACK SMITH, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | 1. 42 U.S.C. § 1983 – Civil Rights Violations |
| **CITY OF MODESTO, a municipal corporation, Modesto Police Department Officers DAVID WATSON (#11078), individually, and RANDALL W. BOLINGER (#10069), individually, and DOES 1 through 50, Jointly and Severally,** | 2. 42 U.S.C. § 1983 – Civil Rights Violations |
| | 3. 42 U.S.C. § 1983 – Unlawful Customs, Policies, Habits, or Procedures |
| Defendants. | |

Plaintiff, by and through his attorney, the LAW OFFICE OF SANJAY S. SCHMIDT, for his Complaint against Defendants, states the following:

### **JURISDICTION**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1341, and 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

**COMPLAINT AND JURY TRIAL DEMAND**                                           1

2. Venue is proper, pursuant to 28 U.S.C. § 1391 (e)(2), because the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

3. Plaintiff, JACK SMITH, is a citizen of the United States, a competent adult, and a resident of the City of Modesto.

4. At all times mentioned herein, Defendants, DAVID WATSON (# 11078) (hereafter "WATSON"), RANDALL W. BOLINGER (# 10069) (hereafter "BOLINGER"), and DOES 1 through 50, in doing the acts or omissions hereinafter described, acted under color of state law and acted within the course and scope of their employment with Defendant, CITY OF MODESTO Police Department ("MPD"). The Defendants named above and DOES 1 through 30 are sued in their individual capacities. DOES 31 through 50 are sued in their individual and official capacities.

5. Defendant, CITY OF MODESTO, is a public entity – a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual defendants named above. The Modesto Police Department ("MPD") is an agency of Defendant, CITY OF MODESTO.

6. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

7. Plaintiff alleges, on information and belief, that each of the Defendants sued herein was negligently, wrongfully, and/or otherwise responsible in some manner for the events and happenings hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and/or discipline of other defendants, including DOE Defendants.

8. Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and/or assistance to each of the remaining Defendants, and/or ratified and/or authorized the acts or omissions of each Defendant as alleged in the causes of action applicable to each such Defendant herein, except as may be hereinafter specifically otherwise alleged. At all material times relating to the causes of action in which a Defendant is named, each such Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harms and losses to Plaintiff.

9. The acts and omissions of all MPD Defendants,[1] as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the CITY OF MODESTO Police Department or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, were done in lieu of polices, practices, and procedures that should have been in place.

10. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

11. This action was timely filed within the applicable statute of limitation for bringing a 42 U.S.C. § 1983 action.

12. This complaint may be pleaded in the alternative, pursuant to Rule 8 (d)(2) of the Federal Rules of Civil Procedure.

## **GENERAL ALLEGATIONS**

13. Plaintiff re-alleges each and every previous paragraph in this complaint, as though fully set forth herein.

---

[1] Wherever "MPD Defendants" are referenced, both named and DOE Defendants are included.

14. The events described herein occurred on or about January 12, 2013, on which date the Plaintiff was contacted by Defendants WATSON and BOLINGER.

15. Plaintiff chose to decline this encounter, but was then contacted and detained by WATSON and BOLINGER in a retaliatory fashion, who directed their attention toward Plaintiff as a result of Plaintiff's exercise of his free speech rights – choosing to decline an encounter with Defendants.

16. In the course of Defendants' contact with Mr. SMITH, BOLINGER forcefully took Mr. SMITH to the ground, immediately restraining Plaintiff's liberty, grabbing him, issuing orders, and exerting physical control over him.

17. While on the ground, DAVID WATSON and RANDALL BOLINGER struck Plaintiff in the face, head, and other areas of his body with a high degree of force.

18. Plaintiff was on the ground, on his stomach, and was handcuffed, at which time DAVID WATSON and RANDALL BOLINGER commenced a callous and vicious beating of Mr. SMITH. Defendants, in a savage fashion, repeatedly kicked and assaulted the handcuffed Mr. SMITH in the face, jaw, head, and elsewhere with force likely to and which did in fact cause serious bodily injury.

19. Plaintiff is informed and believes that other MPD Officers – currently named herein as DOE Defendants – failed to intervene to stop this beating or actively aided, abetted, and/or participated in the beating.

20. At the time of the above-described violations, any named or DOE Defendants that were not actively participating in the beating were aware of the other MPD Officers' conduct and, therefore, were in a position to stop or prevent the constitutionally violative conduct by these Defendants, but failed to do so.

21. Defendants assaulted Mr. SMITH, who was restrained on the ground in handcuffs and posed no threat whatsoever, with such force and repetition in the face, head, and elsewhere, that Mr. SMITH emerged from the beating with a severely bloodied nose, mouth, and face; Mr. SMITH suffered great bodily injury, requiring that he be urgently admitted to the

hospital due to the grievous injuries proximately inflicted by Defendants, WATSON, BOLINGER, and DOE Defendants, which included, but were not limited to:

    a. Fractures of both the left and right sides of his jaw – the right and left mandible, which consisted of a displaced fracture with overriding fracture fragments of the mandible, right subcondylar, and fractures of the left anterior body;
    b. Severe facial trauma, with maxillofacial fractures to the anterior and lateral wall of the right maxillary sinus;
    c. A broken tooth; and,
    d. Facial pain and injuries, wrist pain, and back pain, among other injuries.

22. The jaw fractures Defendants proximately inflicted required open reduction internal plate fixation of the right subcondylar and left anterior body of the mandible, which necessitated the use of a titanium plate, hardware, and wires to attempt to stabilize and align Plaintiff's jaw.

23. These fractures were so serious that Mr. SMITH could only thereafter consume a puree diet for a substantial period of time; he was not capable of eating solid foods.

24. As a result of Defendants' excessive force and the surgical procedures undertaken to treat his injuries, Mr. Smith now has sizeable scars on his face.

25. At all material times and, alternatively, the actions and omissions of each defendant were intentional, and/or wanton and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights, and/or negligent.

26. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff, JACK SMITH, sustained the following injuries and damages, past and future, including, but not limited to:

    a. Substantial ambulance, hospital, and medical expenses, including expenses for past, present, and future care and treatment;
    b. Economic damages, including, but not limited to, out of pocket expenses, loss of income, and loss of earning capacity;
    c. Severe emotional distress, fear, anxiety, humiliation, indignity, and loss of liberty;
    d. All legally cognizable special and general damages;
    e. Violations of federally secured constitutional rights; and,
    f. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988 and as otherwise allowed under United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### -- 42 U.S.C. § 1983 --
### AGAINST DEFENDANTS WATSON, BOLINGER, AND DOES 1-30

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 26 above, as though fully set forth herein.

28. By the actions and omissions described above, Defendants WATSON, BOLINGER, and DOES 1-30 violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the Fourth and Fourteenth[2] Amendments to the U.S. Constitution:

   a. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;
   b. The right to be free from the use of unlawful and/or unreasonable force; and,
   c. The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments.

29. The failure to intervene, prevent, or stop the Fourth Amendment violations on the part of any Defendant MPD officers and/or DOE Defendants and/or supervisors that were in a position to do so when such violations occurred renders such Defendant(s) liable for these violations.

30. The unreasonable and excessive force used on Plaintiff was done in violation of the Fourth Amendment to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene. As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

31. To the extent any supervisors knew or had reason to know of any named or DOE officer's constitutionally violative conduct, as alleged above—or their propensity to engage in such conduct—such supervisors failed to prevent the unconstitutional acts of said

Defendant or Defendants and failed to properly supervise, thus rendering such supervisors and/or others liable directly and in their capacity as a supervisor.

32. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 26. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

33. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought against the CITY OF MODESTO.

**SECOND CAUSE OF ACTION
-- 42 U.S.C. § 1983 --
AGAINST DEFENDANTS WATSON, BOLINGER, AND DOES 1-10**

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 33 above, as though fully set forth herein.

35. By the actions and omissions described above, Defendants WATSON, BOLINGER, and DOES 1-10 violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the First and Fourteenth[3] Amendments to the U.S. Constitution:

   a. The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments.

36. The failure to intervene, prevent, or stop the First Amendment violations on the part of any Defendant MPD officers and/or DOE Defendants and/or supervisors that were in a

---

[2] The Fourteenth Amendment is referenced because the Fourth Amendment is applicable to the States via the Fourteenth Amendment, pursuant to the doctrine of incorporation; the Fourteenth Amendment is not referenced as a separate, substantive basis for a freestanding cause of action.
[3] The Fourteenth Amendment is referenced because the Fourth Amendment is applicable to the States via the Fourteenth Amendment, pursuant to the doctrine of incorporation; the Fourteenth Amendment is not referenced as a separate, substantive basis for a freestanding cause of action.

position to do so when such violations occurred renders such Defendant(s) liable for these violations.

37. Defendants' retaliatory exercise of discretion, and/or authority, and/or force in response to Plaintiff's exercise of free speech contravened Plaintiff's constitutional rights guaranteed by the First Amendment to the U.S. Constitution because the action would chill or silence a person of ordinary firmness from future First Amendment activities and Defendants' desire to cause the chilling effect was a but for cause of Defendants' action, for which Defendants are liable either directly or via their failure to intervene.

38. To the extent any supervisors knew or had reason to know of any named and/or any DOE officer's constitutionally violative conduct, as alleged above—or their propensity to engage in such conduct—such supervisors failed to prevent the unconstitutional acts of said Defendant or Defendants and failed to properly supervise, thus rendering such supervisors liable directly and in his/their capacity as a supervisor.

39. As a proximate result of the foregoing wrongful acts, Plaintiff Jack Smith sustained injuries and damages, as set forth above, in ¶ 26. Plaintiff is, therefore, entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

40. In committing the acts alleged above, Defendants, including, but not limited to, WATSON and BOLINGER, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought against the CITY OF MODESTO.

**THIRD CAUSE OF ACTION**
**-- 42 U.S.C. § 1983 --**
**AGAINST DEFENDANTS CITY OF MODESTO AND DOES 31-50**

41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 40 above, as though fully set forth herein.

42. Plaintiff alleges, upon information and belief, that the unconstitutional actions

and/or omissions of the individually named MPD Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the MPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the CITY OF MODESTO and/or the MPD:

    d. Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,
    e. Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as free speech rights and/or seizures of citizens and/or the use of force; and/or
    f. "Disrespect us and you will be beat," pursuant to which an officer or officers will administer a beating to a person that the officer or officers subjectively perceive(s) to be disrespecting them, questioning their authority in any way, inconveniencing them, or doing anything but acquiescing to the officer's or officers' demands. Tolerating or condoning this practice encourages officers to needlessly inflict pain and injuries and to use excessive force on citizens, including arrestees.

43. In the alternative, upon information and belief, the CITY OF MODESTO may have instituted policies or training addressing some or all the topics listed above, but has either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

44. The above-described customs, policies, practices, and/or procedures of the MPD were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

45. As a proximate result of the foregoing customs, polices, practices, and/or procedures of the MPD, or the lack or inadequacy thereof, Plaintiff sustained injuries and damages as set forth above, in ¶ 26. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

//
//
//
//
//


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. For compensatory damages in an amount according to proof, which is fair, just, and reasonable;
2. For special damages for medical services, medication, hospitalization, various sundry items, loss of earnings, and other special damages, as may be alleged and proved at the time of trial;
3. For exemplary and punitive damages against the individual Defendants only, under 42 U.S.C. § 1983, in an amount according to proof and which is fair, just, and reasonable;
4. For attorney's fees and costs of suit herein incurred under 42 U.S.C. § 1988;
5. For all other damages, penalties, costs, interest, and attorney fees as otherwise may be allowed by federal law; and,
6. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 14, 2014          Respectfully Submitted,

**LAW OFFICE OF SANJAY S. SCHMIDT**

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
Attorney for Plaintiff
JACK SMITH